UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                                                 Case No. 16-cr-142-1-SM
                                                                                 Opinion No. 2020 DNH 216

Jeffrey M. Lamarche

**ORDER**

Defendant's motion for "compassionate release" from incarceration under the First Step Act, 18 U.S.C. § 3582(a)(1)(A), given the COVID-19 pandemic, is properly before the court as defendant has exhausted available administrative remedies.

The burden is on defendant to show that he is entitled to relief, that is 1) that extraordinary and compelling reasons warrant a reduction in his sentence, and 2) such a reduction would be consistent with the sentencing factors set out in 18 U.S.C. § 3553(e) as well as Sentencing Commission Policies (though that is not strictly required under the First Step Act).

While the COVID-19 virus is present in FCI Allenwood Medium, where defendant is housed, prison administrators are taking appropriate steps to limit its spread, and the government

advises that there are, as of a few days ago, no positive cases in defendant's housing unit, and the facility is on lockdown to contain the virus.

Here, the government concedes that defendant's medical conditions (obesity, hypertension and diabetes type II) place him in a high-risk category should he contract COVID-19, and that defendant has met his burden to show "extraordinary and compelling" reasons warranting sentence reduction. But, says the government, the sentencing factors weigh heavily against defendant's early release, particularly the danger defendant poses to the community. See 18 U.S.C. § 3142(g); USSG § 1B1.13(2).

Defendant was convicted of conspiracy to possess with the intent to distribute the controlled substance fentanyl. He was sentenced to 96 months and has served just under half of that term. Defendant has a history of recidivism, and is categorized as a career offender under the Sentencing Guidelines. He has not met his burden to show that he no longer poses a danger to the safety of the community. Defendant has a poor disciplinary record while incarcerated and his overall record provides little reason to think that if released early, he would reliably abide by restrictions imposed on his liberties, or would follow CDC

guidelines designed to limit the spread of the virus, thereby posing a risk to himself and the community. In addition, defendant's early release would, under these circumstances, be inconsistent with the sentencing goals of promoting respect for the law, imposing a just punishment, protecting the public, and providing for both general and specific deterrence. 18 U.S.C. § 3553(a).

## Conclusion

Given the current modest risk of community spread of the virus in the facility, and the appropriate steps being taken to control that spread, and given the danger to public safety defendant would pose if released, and the sentencing factors militating against his early release, the motion for compassionate release under the First Step Act (document no. 44) is hereby denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 10, 2020

cc: Georgiana MacDonald, AUSA
    Jeffrey S. Levin, Esq.
    U.S. Probation
    U.S. Marshal